### FRANK HAMMOND ET AL. V. H. R. DECKER.

Decided April 30, 1907.

**1.—Brief—Insufficient Statement.**

Where the record does not show that a witness made any answer to a question .objected to, and made the basis of an assignment of error, the assignment is without merit. The "statement" in a brief should contain the evidence necessary to support the assignment of error without requiring the Appellate Court to examine the record for the evidence.

**2.—Pleadings—Refreshing the Memory.**

In a suit for the possession of a number of various articles constituting a well-boring outfit, it having been shown that the enumeration and description of said articles as contained in the petition was furnished to his counsel by the plaintiff from a list which the plaintiff knew to be correct, it was not error to permit the plaintiff to refer to said petition to refresh his memory as to said articles.

**3.—Evidence—Precise Objection.**

Only the precise objection to evidence as shown by the record will be considered on appeal.

**4.—Contract for Boring a Well—Construction.**

When by a contract between plaintiff and defendants for boring a well it was stipulated that if no oil was found at a certain depth and the well was taken over by the oil company and any further boring was done it would be done by the plaintiff with no charge for the use of his machinery, the company to pay only the actual cost of such work, such contract did not give the company any right to seize plaintiff's machinery for the purpose of boring the well deeper, much less did it give such right to parties who failed to show that they succeeded to the company's rights under the contract.

**5.—Evidence of Ownership—Statement of Third Party.**

The statement of a third party as to his ownership of the property in controversy, made in the absence of the plaintiff and without authority from him, is not admissible in evidence against the plaintiff.

Appeal from the District Court of Harris County.   Tried below before Hon. Norman G. Kittrell.

*W. G. Love, R. J. Channell* and *Lovejoy & Parker,* for appellant.— The plaintiff's petition was not such a memorandum as the rules of evidence permit the plaintiff to use for the purpose of refreshing his memory in testifying as to the description, ownership or value of the property in controversy.   Watson v. Miller Bros., 82 Texas, 279, 285; Rice v. Ward, 93 Texas, 538.

The writ of sequestration and the sequestration bond and the replevin bond are a part of the record in this cause, of which the court is compelled to take notice in determining matters of law,

without special reference being made thereto, and should not have been submitted to or considered by the jury for any purpose. Wells v. Littlefield, 62 Texas, 28, 33.

The price at which drilling rigs were offered upon the market at the time in question was competent evidence of the market value of such property, because if such offer were accepted the amount thereof would be the market value; and if such were not accepted, the amount of such offer would indicate a maximum value above which the market value could not have been. Gulf, etc., Ry. Co. v. Russell, 23 S. W. Rep., 528.

*Ewing & Ring* and *Hogg, Watkins & Jones,* for appellee.

REESE, ASSOCIATE JUSTICE.—H. R. Decker sued Frank Hammond, Alex McCullough, John Lovejoy and G. A. Hill to recover certain personal property composing a well-boring outfit, or its value, together with damages for its detention. A writ of sequestration was sued out by plaintiff under which the property was seized. Defendants replevined, executing a bond with S. S. Ashe and A. C. Allen, sureties. Afterwards plaintiff filed an amended petition setting up claim to certain other articles, not included in the original petition, nor in the sequestration writ or replevin bond. Defendants answered by general demurrer and general denial. Upon trial with a jury there was a verdict for plaintiff for all of the property, valuing it in the aggregate at $2,739, and for $2,000 as the value of the hire of that part of the property that had been replevined. From the judgment defendants appeal.

The assignments of error present objection to the action of the court in the admission and rejection of evidence and in giving and refusing charges. No complaint is made that the verdict and judgment are not supported by the evidence.

The first assignment of error is without merit. While on the stand as a witness plaintiff was asked by his counsel: "Do you own the property referred to in here?" (referring to the petition). To which witness answered, "Yes, sir." He was then asked: "Are you the owner of these articles?" To which question defendants objected as leading and suggestive. The court overruled the objection, but it does not appear from the statement in appellants brief that the question was answered. Appellants refer to the stenographer's report, but the statement in the brief should show, without requiring the court to look to the record for a statement essential to show the merit of the assignment. We have, however, in this instance examined the stenographer's report and find that the question objected to was not answered. At all events plaintiff afterwards testified, in answer to questions not objected to, that the property belonged to him.

There was no error in permitting plaintiff to refer to the petition to refresh his memory as to the numerous articles composing the well-boring outfit. It was otherwise shown that the part of the petition referred to was dictated by plaintiff to his counsel from a list of the articles made out by him from a personal examination of

them and was a correct copy thereof. He certainly would have been allowed to refer to such list to refresh his memory and could, with equal propriety, .refer to the petition shown to be a correct copy of the list. Witness had previously testified, without objection, that he was the owner of the property described in the petition.

Plaintiff was asked as to the reasonable value of the various articles of property, to which appellants objected on the ground that the testimony was "incompetent, irrelevant and inadmissible for any purpose." Under the assignment of error complaining of the action of the court in overruling the objection the proposition is made that the value of the property "could be determined in no other way than by proof of its *market* value." The evidence was not objected to on this ground. The assignment is overruled. (Caplen v. Cox, 15 Texas Ct. Rep., 269.)

The proposition under the fourth assignment is entirely foreign to the assignment and can not be considered.

It does not appear that the sequestration bond and writ and replevin bond were read to the jury or submitted to them. The most that appears from the record is that, when offered, the court remarked that he would "consider them in." If this was error it was harmless. The assignment is overruled.

The court did not err in refusing to permit plaintiff to testify on cross-examination, over objection of his counsel, as to the depth to which he bored the ten inch well. The fact was immaterial to any issue in the case. Nor did the court err in stating, in this connection, that there was no issue to be determined except the ownership and value of the property. In this statement, after careful examination of the record, we agree.

We agree with the trial court that the clause in the contract between the Annie Bess Oil Company and appellee, upon which appellants partly rely for their authority to take this property, cannot be so construed. This appears to us to be really the vital point in the controversy. The contract was that Decker should bore 1,500 feet, if oil was not sooner found. He was to be paid $2,000 in cash and $3,000 in stock when he got down 1,000 feet, or if he went down 1,500 feet he was to receive $3,000 in cash and $3,500 in stock. The contract contains this provision:

"It is understood and agreed that in event that the said H. R. Decker, party of the second part, expends the cash received from this Company and the proceeds of his stock as provided under this contract in drilling said well, and the required depth of 1,500 feet has not been reached, the party of the second part shall not be obligated to expend any more money, and it shall be optional with the Annie Bess Oil Company whether they shall continue the drilling of said well to the required depth, or shall abandon same. If the well is taken over by the Annie Bess Oil Company, and the drilling continued, the said H. R. Decker hereby agrees that the said Company shall not be required to pay any more than actual cost for drilling operations, and shall have the free use of the drilling outfit and derrick belonging to the said H. R. Decker, party of the second part."

No oil having been found at 1,300 feet the work was discontinued.

Appellee was paid by the Oil Company $2,600 in cash, being the *pro rata* price for 1,300 feet, and his *pro rata* of stock for that depth, and discharged. The provision of the contract above quoted gave the Oil Company no right to take possession of appellee's well-boring outfit and continue the drilling. It contemplated that if the well was taken over by the Oil Company, upon the contingency referred to, and any further boring was done it would be done by appellee with no charge for use of his machinery, the Oil Company paying only the actual cost of the work. It does not, however, appear that this contingency occurred, but if it had it gave no right to the Oil Company to seize the machinery for the purpose of boring the well deeper.

To still further settle the question of the right claimed by appellants, the evidence does not show any assignment to Hill by the Oil Company of its rights under the contract. Appellants' contention that Hill and his associates had a right based upon any of the provisions of the contract between appellee and the Oil Company, upon any contingency, to take possession of this property, is utterly groundless. This left no issue to be determined except the ownership of the property by appellee and its value, together with the value of its hire or use. The court was correct in limiting the evidence to these issues.

Appellants also undertook to justify their seizure of the property and to defeat appellee's claim under the plea that appellee had turned over the property to Muckelroy, his foreman, in payment of a debt, which would have been nothing more or less than a sale to him, as it was called in the court's charge. Some evidence was introduced upon this issue which was submitted to the jury and found against appellants. This left appellants without any defense, and the only remaining issues were the value of the property and of its use by way of damages for the detention. The question of exemplary damages for the taking was not submitted to the jury.

What has been here said disposes likewise of the questions raised by the assignments of error from seven to thirteen.

The fourteenth assignment of error is overruled. What conversation occurred between the witness Lovejoy and Muckelroy, Hall and Hammond, as to the ownership of the well-boring outfit was immaterial and irrelevant. None of the parties had any authority to represent Decker nor was he bound by any arrangement made with Muckelroy, as his alleged representative. These conversations and arrangements with Muckelroy were not admissible to prove Muckelroy's ownership of the property. The witness was afterwards allowed to testify very fully as to appellee's admissions, or rather his failure to deny, Muckelroy's statement that he was the owner of the property, when told by the witness that he had made such statement.

The fifteenth assignment is overruled.

The record does not disclose what the witness would have said, if allowed to answer the question objected to in the sixteenth assignment.

There is no merit in the seventeenth assignment. Appellants seem to have entirely misconceived the purpose of requiring the jury

to say whether the property had a special value to appellee; which was to authorize special proceedings to enforce delivery of the property to him, instead of a satisfaction of the judgment therefor by paying its value. In this view the inquiry was, not what was its special value, but simply if it had a special value to appellee, independent of its market value or selling or intrinsic value generally. (Art. 1339, Rev. Stats.)

The proposition presented under the eighteenth assignment is not supported by it. The witness was in fact permitted "to prove the reasonable rental value of the property," as shown by the statement under the proposition.

The witness Lovejoy testified fully as to the market value of such machinery as that involved in the suit. He then testified, over objection of appellee, that he had known of machines of this character being offered as low as $800 and that they could be bought for less than $1,000. Upon motion of appellee this was stricken out. We do not think that evidence of isolated sales or offers to sell were admissible to establish market value. Appellants' contention is that the market value of the property was the measure of recovery, and this was fully shown by this witness without objection. It is, perhaps, proper to suggest that appellants can protect themselves against an extravagant valuation by returning to the appellee his property, in specie.

H. S. Spangler was interrogated by appellee as to the reasonable value of the property, to which appellants objected as irrelevant and immaterial. If appellants desired to place their objections on the ground that the testimony should be confined to the market value they should have so framed their objection as to give opposing counsel and the court notice thereof. There is every reason to conclude that the witness was, in fact, testifying as to the market value and that a more specific objection on the part of appellants would have brought a more specific question. Neither was there any objection to the question, addressed to the specific point that the value must be fixed at the time of the trial. Other evidence which is undisputed tends to show that there was no change in the value from the date referred to in the question, and the time of the trial. We hold, however, that in order to sustain the objections to the question and answer, raised by the assignments, a specific objection calling the attention of the court to the grounds of the objection is required. There was no objection that the witness was not qualified to testify as to the value.

What we have here said disposes also of the twenty-first, twenty-third and twenty-fourth assignments.

The twenty-second assignment is without merit.

It does not appear from the statement under the twenty-fifth assignment that any ruling was made by the court or any exception taken thereto. The assignment appears to be without merit.

The testimony of Muckelroy and Warnecke as to the custom in boring oil wells, that the contractor should furnish the casing, which was offered by appellants for the purpose of showing that the pipe sued for by appellee was the property of the Annie Bess Oil Company as part of the well, under the contract, was, upon objection of

appellee that it was irrelevant and immaterial, ruled out by the court on the ground, as we gather from the record, that the contract between appellee and the Company had been cancelled by agreement between them.   Appellee's brief contains no answer to the twenty-sixth and twenty-seventh assignments of error upon the point, which present some difficulty.   We overrule the assignments for the reason given by the trial court in rejecting the evidence, that the contract had been cancelled and annulled by agreement between appellee and the Oil Company.

None of the remaining assignments present any reversible error. (Walker v. Dickey, 98 S. W. Rep., 664.)

The judgment is affirmed.

*Affirmed.*