(No. 2898, Aug. 16, 1924)

## BALDUINI v. ULIBARRI et al.

### SYLLABUS BY THE COURT

1. Findings of fact that are supported by substantial evidence will not be disturbed on appeal.

2. Record reviewed, and held that the trial court's finding that the gift and deeds, through which appellants deraign title, conveyed a different tract from that claimed by the appellee is supported by substantial evidence.

3. Record reviewed, and held, no error in the trial court refusing to make certain requested findings of fact.

4. Testimony with reference to statements made in the course of negotiations for compromise is not admissible, unless it is a statement of an independent fact which is separate or separable from the concession involved.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Julia Catelani Balduini against Gregoria Badaracco de Ulibarri and husband and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Geo. S. Klock and M. J. McGuinness, both of Albuquerque, for appellants.

J. F. Simms, of Albuquerque, for appellee.

### OPINION OF THE COURT

BRATTON, J.  This controversy involves the title to a strip of land 2 feet wide by 150 feet long.  The appellee, plaintiff below, instituted the suit to quiet title to lots A and B of the Ambrosio Garcia estate in the city of Albuquerque, contending that the disputed strip constituted a part of said land.  The appellants, defendants below, denied this, and by cross-complaint, pleaded their title to the strip in controversy, and prayed for a decree quieting the same.

[1] 1.  The trial court found that the land conveyed by the gift and deeds, through which the appellants deraign their title, does not lap over onto, or form any part of lot A aforesaid; that it lies entirely within the

limits of what is now North Fifth street in said city of Albuquerque, and, hence, appellants have no title whatever to the tract in litigation. We have carefully reviewed the entire record, and think this finding is supported by substantial evidence. It will not, therefore, be disturbed on appeal.

[2] Before departing from this subject, appellants lay much stress upon the finding of the court that, prior to his death, Ambrosio Garcia gave his daughter, Maria Garcia, a certain tract of land 16 feet wide by 44 feet long, and that thereafter, Maria Garcia conveyed the same deed to G. Badaracco. We fail to see any inconsistency between this finding and the general one that no part of the land thus conveyed lies within what is now lot A above referred to. Appellants can, therefore, gain nothing under the finding of fact referred to, because of the ultimate fact that the land so conveyed lies within the public street and, therefore, is no part of the tract claimed by the appellee.

[3] 2. Appellants complain that the lower court improperly refused to find that, prior to the commencement of this action, the appellee, through her agent, Angelo Viviani, disavowed any claim to the land involved here, and that he recognized the title of G. Badaracco. The requested findings upon this phase of the case were founded upon the testimony that the city authorities demanded that Viviani build a sidewalk along this strip; that he refused to do so, and at one time referred to Badaracco as the owner. No demand of this kind was ever made upon the appellee personally, and the one made upon Viviani was not made as agent of the appellee but, so far as the evidence discloses, was made upon him individually. Although he acted as agent of the appellee with respect to renting lots A and B, there is nothing in the record tending to show that, in making the statement referred to, or in assuming such attitude with reference to the sidewalk, he was acting as the appellee's agent. He never stated that appellee did not own the property. At

most, he said he did not own it, and referred at one time to Badaracco as its owner. Under these facts, we cannot say that the trial court was in duty bound to make the requested findings.

Furthermore, if the appellee actually owned the controverted strip, merely making the statement referred to, whether made personally or through a duly authorized agent, could not serve to divest her of such title, nor to vest the same in the appellants. It could merely operate as an admission of title in her adversary, and this could only be considered along with the other evidence in the case in the final determination of that legal question. Hoskins v. Talley (N. M.) 220 Pac. 1007. However, no such statement was made.

[4] 3. It is urged that the court erred in striking out the testimony of Orlando Ulibarri with reference to a statement appellee made to him that she wanted to see his wife; that she did not want their controversy concerning this strip of land to get into court, but desired to know how it could be otherwise settled. That this testimony tended to establish negotiations looking to a settlement of their differences, if it can be said that it established any pertinent fact, is too plain for further discussion. All authorities hold that parties may freely and with immunity negotiate upon terms of compromise without being prejudiced by having their statements made during such negotiations proven against them. Otherwise, compromise and settlement would seldom occur. Courts favor these, and are uniform in holding that statements made in their course are not admissible in evidence. 22 C. J. § 347, p. 308; 2 Jones on Evidence, § 291, p. 592. There is a well defined exception to this general doctrine, viz. that, where an independant fact is stated during such negotiations, which is separated and separable from the concession involved, it is admissible even though the object of the conversation was to compromise an existing controversy. 22 C. J. p. 314, and the cases there cited. The

admission sought to be proved here, however, fails to fall within this exception.

Other questions are discussed, but they present no reversible error. The judgment will therefore be affirmed; and it is so ordered.

PARKER, C. J., and HOLLOMAN, District Judge, concur.