[No. 2743. Sept. 21, 1925. Rehearing Denied June 26, 1926.]

SPRINGER DITCH CO. v. WRIGHT et al.

[247 Pac. 270.]

### SYLLABUS BY THE COURT

1. Alleged errors unavailable, if not brought to attention of trial court.

2. A party is precluded from objecting in this court to omissions and uncertainties in the findings, if he has failed to request specific findings under section 4197, Code 1915.

3. Complaint held to be sufficient to sustain damages as against motion to strike.

4. Motions to make more definite and certain are addressed to discretion of trial court.

5. Findings of negligence held supported by substantial evidence.

6. A written statement of items and amounts of damage given to defendant by plaintiff, resulting from pending negotiations for settlement, and intended merely as an offer of settlement, not an admission, and properly excluded.

7. In suit for damages by flood to growing crop or hay, where the hay grew and matured, but could not be gathered

---

[1] 3CJ p. 742 n. 3.   [2] 3CJ p. 869 n. 95; 38 Cyc p. 1976 n. 34.   [3]40Cyc p. 688 n. 87.   [4] 4CJ p. 801 n. 56.   [5] 4CJ p. 878 n. 82.   [6]4CJ p. 887 n. 59; 22CJ p. 308 n. 76; 40Cyc p. 2420 n. 89.   [7] 22CJ p. 537 n. 11 New.   [8] 4CJ p. 781 n. 25; 17CJ p. 805 n. 61; p. 884 n. 80.   [9] 3CJ p. 737 n. 59.   [10] 4CJ p. 787 n. 47.   [11] 3CJ p. 718 n. 50; p. 734 n. 49.

because of flood, substantial evidence as to the quantity of such hay is furnished by the estimates of witnesses having knowledge of facts.

8. In arriving at damages to real estate by flood, evidence of the cost of restoration of permanent improvements destroyed not incompetent.

9. Error assigned upon measure of damages not considered, if appellant failed to bring his theory to attention of trial court.

## On Motion for Rehearing.

10. In suit for numerous items of damage, the court having undertaken to make specific findings, but having found generally as to the amount of damages, and not having been requested to find specially as to the several items, error assigned that double damages have resulted because of inclusion of some items twice is not available, unless it appears affirmatively without complete review as in a trial de novo.

11. A theory of law not brought in some manner to the attention of the trial court will not be considered on appeal.

Error to District Court, Colfax County; Leib, Judge.

Action by Douglas Wright and Myrtle Wright against the Springer Ditch Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

W. R. Holly, of Hollywood, Cal., F. S Merriau, of Raton, and Malcolm Lindsey, of Denver, Colo., for plaintiff in error.

Crampton & Darden, of Raton, for defendants in error.

### OPINION OF THE COURT

WATSON, J. Referring to the parties according to their status in the court below, defendant (appellant) owned an irrigation reservoir containing a body of water stored behind an earthen dam with concrete facing and coping, and plaintiffs (appellees), owned, immediately below said reservoir, certain lands, fully described in the complaint, "and a certain seepage ditch, and all other improvements situated on said lands, and the hay, vega, and other crops growing upon said lands. The dam gave way, causing the flooding

of plaintiffs' property, for which injury they recovered judgment for damages in the sum of $7,325, which judgment is here on writ of error sued out by defendant.

The complaint alleged that the proximate and efficient cause of the breaking of the dam was the negligence of the defendant in certain respects set forth. The resulting damage was set forth thus:

"* * * A portion of the waters, silt, concrete and debris therein and therefrom were discharged upon a portion of the above described lands of the plaintiffffs, and the lands, real estate, property and seepage ditch of the plaintiffs were destroyed, injured and damaged in the following particulars, to wit:

"Five hundred (500) tons of hay of the value of $10.00 per ton were destroyed, to the damage of the plaintiffs in the sum of $5,000.

"Said seepage ditch was washed out and injured and destroyed, to the damage of plaintiffs in the sum of $500.

"Mud, gravel, concrete and debris were deposited and spread upon the surface of said lands, to the damage of the plaintiffs in the sum of $500.

"150 acres of hay land was flooded and injured and rendered valueless until burned off, to the damage of plaintiffs, in the sum of $500.

"A portion of said lands of plaintiffs were soaked and waterlogged, to the damage of plaintiffs, in the sum of $1,000.

"The garden on said lands was destroyed, to the damage to plaintiffs, in the sum of $50.

"One bridge and certain fences on said lands were washed out, torn away, and destroyed, to the damage of plaintiffs in the sum of $500.

"On account of the destruction of said seepage. ditch, plaintiffs were unable to obtain water for the proper irrigation of 30 acres of corn, to the damage of the plaintiffs in the sum of $500.

"And 30 acres of oats to the damage of plaintiffs in the sum of $150."

[1] There are 36. assignments of error which defendant discusses under 14 points. A large number of these alleged errors are unavailable, and many of the points cannot be considered, because counsel did not

take proper steps in the court below to reserve them for review. A large portion of the argument is devoted to the effort to escape our uniform refusal to consider alleged errors not brought in some manner to the attention of the trial court. Our decisions to that effect are too numerous to cite, and are familiar to every practitioner.

[2] Defendant also complains frequently of omissions, uncertainties, and other defects in the findings. The remedy for such situation was in counsel's hands. Under section 4197, Code of 1915, it is the duty of the court to make specific findings of ultimate facts, and it is error to refuse to do so. Luna v. Cole R. Co., 16 N. M. 71, 113 P. 831; Morrow v. Martinez, 27 N. M. 354, 200 P. 1071; Merrick v. Deering, 30 N. M. 431, 236 P. 735. But if counsel do not see fit to request the performance of this duty, they waive the right. Radcliffe v. Chavez, 15 N. M. 258, 110 P. 699.

[3] Defendant interposed a motion to strike, directed to the quoted items of damage relating to plaintiff's inability, after breaking of the dam, to obtain water for the irrigation of corn and oats, because of the destruction of the seepage ditch. Its grounds were: (1) That the complaint does not show that the plaintiffs ever had any water right appurtenant to said property; and (2) that the complaint does not show that water would have been received for the same even if the seepage ditch had not been destroyed. The complaint alleges the ownership of a water right; its utilization by means of a seepage ditch, the destruction of which, as is alleged, rendered it impossible to irrigate the corn and oats. Counsel assume, as the basis of argument, that the complaint fails to state facts sufficient to sustain damages for injury to the corn and oat crops. Passing the question whether the point is properly raised, we think the assumption unwarranted. In any event, as hereinafter shown, it is not clear that the judgment includes any allowance for this item.

[4] By motion to make more definite and certain, defendant sought a more detailed specification of the extent and nature of the injuries for which damages were claimed. Such motion is addressed to the dis- cretion of the trial court. 4 C. J. 801. No abuse of such discretion is here shown.

[5] There is considerable discussion in the briefs as to the rule of liability applicable to one who stores water for irrigation, and as to whether the doctrine of res ipsa loquitur may be invoked. We find, how- ever, that the pleadings are framed, the trial pro- ceeded, and the judgment is based, upon the theory of the negligence of the defendant in failing to use ord- inary care in inspecting and maintaining its dam. The judgment is based upon findings of specific facts which support the conclusion of negligence. Under the familiar rule, such findings are conclusive upon us, as we consider them supported by substantial evidence.

[6] On cross-examination of plaintiff Douglas Wright certain facts were brought out upon which de- fendant relied as admissions by plaintiffs with respect to the nature and extent of damages. It appears that some time after the breaking of the dam plaintiffs presented to defendant a writing in the language fol- lowing:

"Mr. Fred Geyer, Sect. Springer Ditch Co.: Below is a list of damages I consider due me by the breaking of the Springer Lake dam June 2nd and the flood passing over my place: 12 large poles washed away, $36.00. Depositing silt on hay meadow, $200.00. Destruction of hay by wash- ing it down until I was unable to cut same, $1200.00.

1,200     Respt.,

200                               D. G. Wright,

36                               Springer, N. Mex."

It also appears that plaintiff Douglas Wright had a conversation with representatives of the defendant regarding the damages. It seems to be agreed that on that occasion defendant's representatives came to plaintiff Douglas Wright and told him that they were there for the purpose of settling the damages, and that whatever statement was made by plaintiff Doug-

las Wright was made to them in answer to their question. There is conflict as to whether the question and the answer were directed to the amount of the damages or to the amount plaintiffs would accept in settlement. The amount then mentioned was either $1,500 of $1,535.

The evidence, both as to the written statement and as to the conversation, was objected to as not tending to show admissions made by the party, but as showing merely offers to settle or compromise. The court, expressing grave doubts as to its competency, admitted the evidence, holding, in substance, that before ruling he must hear all the evidence bearing upon the question, and stating that he would cover the point in findings. Among the findings appears No. 14 in his language:

"That the conversations and each of them had between the plaintiff, Douglas G. Wright, and the officers, agents and servants of the defendant in reference to and as to the amount of the damages done plaintiffs, as shown by the testimony in this case, and the letter written by the plaintiff, Myrtle Wright, and delivered by the plaintiff, Douglas G. Wright, to the secretary of the defendant company and introduced in evidence in this case, were each and all the result and happened in the course, of negotiations for the settlement and compromise of the matters and things involved in this case and were not admissions of the plaintiffs against their interest."

From this finding it appears that the evidence in question was excluded from consideration. The error which is here assigned and argued is that the finding is not supported by substantial evidence; no question being raised as to the sufficiency of the finding to warrant the action of the court in excluding the evidence. As the matter presents itself to us, we have but to decide, therefore, whether there is evidence in the record which, if believed by the trial court, was sufficient basis for the finding. The weight of all evidence was, under familiar rules, to be determined by the court. What ruling we would have made on the conflicting evidence is beside the point.

It is defendant's theory, and the evidence given in

its behalf tended to show, that such negotiations as took place for a settlement were subsequent to and occasioned by the presentation of the writing above set forth. Plaintiff Douglas Wright, by his testimony, did not satisfactorily fix the date either of presenting the writing of any negotiations; nor did he make it clear that the conversation above mentioned (being the only conversation specifically referred to) did not occur after the presentation of the writing. He did testify, however, that there were other negotiations between him and the defendant looking to a settlement of the claim at the time he wrote the letter; that he was trying to settle with them so as to stay out of court; that defendant was trying to cut him down and give him scarcely anything; that his offer (presumably referring to the writing) was made looking to a settlement and compromise; that there were pending negotiations at the time he presented the writing; that he did not at the time consider that the writing covered the whole amount of his damages, but he fixed the amount as he did view of the then financial condition of the defendant, and because he did not want the expense of going to court; that there were items of damage other than those mentioned in the writing which he did not mention because he did not think defendant able to pay them.

Rulings excluding, as mere offers of settlement, evidence relied upon as admissions were considered in two recent decisions of this court. Jones v. Jernigan, 29 N. M. 399, 223 P. 100; Balduini v. Ulibarri, 30 N. M. 127, 228 P. 607. It is apparent that the exclusion of the conversation was warranted under those decisions. We think also that the conclusion of writing must be sustained. True, it was unequivocal on its face, and hence, on its face competent as an admission, unless shown by extrinsic evidence to be an offer. As to the pendency of negotiations at the time the writing was presented, the evidence would have been more satisfactory if the time, place, and substance of such negotiations had been shown. But it was open to defendant to cross-

examine on those matters, and, having failed to do so, it can hardly complain on the ground of indefiniteness. That it was the result of the pendency of such negotiations and intended merely as an offer also appears from plaintiff Douglas Wright's express statements. We do not see, therefore, how we could hold that the finding and the ruling are not supported by substantial evidence.

It is to be noted that the court did not expressly find that the writing was not intended as expressing the writer's judgment as to the amount of his damages. From a careful reading of the finding it might be inferred that the court adopted the theory that the mere fact that the unequivocal statement was made in the course and as the result of negotiations was sufficient to exclude it. We do not wish to be understood as adopting such a theory. 2 Jones, Com. on Evidence, § 291; 2 Wigmore on Evidence, §§ 1061 and 1062. That question, however, is not before us, because, as above stated, there is no attack upon the sufficiency of the finding.

Finding No. 12 is as follows:

"That said dam broke on the 30th day of June A. D. 1920, and the waters therein contained were discharged on and over the lands and real estate, property, and seepage ditch of the plaintiffs, and that silt, concrete and debris were deposited thereon, therein and thereabout and the plaintiffs' said land, real estate, property and seepage ditch and growing crops were destroyed, injured and damaged as alleged in their complaint, in the total sum of $7,325."

It is urged that this finding is not sufficient to support the judgment, because—

"* * * While the purported claims for damages were all based on the same wrong, the rights violated and injuries sustained were separate and distinct. Whatever evidence was required on account of purported injury to the wheat and oats, the growing grass, the injury to the ditch and fence, the injury to the real property and other items, and the measure of damages regarding the items, was different."

Counsel having failed to make a general request for specific findings under section 4197, Code of 1915, and having failed to make any request that the court

find separately as to each item of damages, the point urged is not available here.

Error is claimed because it is said to appear from the evidence, and to be inferable from the amount of the judgment, that damages are included therein for the destruction of growing grass under an allegation of the destruction of hay. The evidence was received without objection, and the point was in no wise brought to the attention of the trial court. We cannot therefore consider the question.

[7] It is contended that there was no substantial evidence as to the amount of vega hay that, except for the flood, would have been produced in the year 1920. Evidence was received as to two crops of hay in that year. Plaintiffs state in the brief that—

"* * * The first crop of vega was matured and ready to cut at the time the flood came, that the second crop grew and matured the same as the first crop, but could not be saved because of the conditions left by the flood."

The evidence as to quantity consists of the estimates of competent witnesses having knowledge of the conditions. The statement above quoted is not questioned by appellant. We therefore accept it and hold the evidence substantial. Where the crops in question have actually matured and are visible, and can be actually estimated, the situation is manifestly different than if those crops had never matured, as was the situation in Smith v. Hicks, 14 N. M. 560, 98 P. 138, 19 L. R. A. (N. S.) 938, cited by defendant. In such a case evidence as to whether one or two crops could usually be produced, as to whether 1920 was a good season, as to the crops produced on other land in that locality under similar conditions, and as to the yield in former years, if of any importance, was clearly not essential.

[8] Error is claimed because the court admitted evidence of the cost of reconstructing the seepage ditch and the value of the fence and bridge destroyed, and in considering and allowing any damages therefore. It is urged that these were permanent improve-

ments, included in the value of the land; that the true measure of damages to the land was the difference in its value before and after the flood; that evidence was given as to this difference, which evidence was based in part on the loss of or injury to the improvements mentioned; and that it affirmatively appears from the record that the court not only received and considered both these classes of evidence, but allowed for both, thus giving double compensation for the same loss. That the evidence was not incompetent see Mogollon Gold & Copper Co. v. Stout, 14 N. M. 245, 91 P. 724. Of course, the court cannot properly include double compensation for the injury. It is not to be presumed that this was done, and the record falls far short of showing the fact affirmatively.

It is claimed that there was no substantial evidence that there would have been sufficient water to mature a crop of corn and oats even if the seepage ditch had not been destroyed. To render this question of any importance, it must be assumed that the judgment includes damages on this account. The absence of specific findings, therefore, excludes this question from consideration.

[9] Defendant also makes objection to the measure of damages which it assumes was applied by the court as to the injury to the land. It is contended that these were not permanent injuries, but all curable by restoration of the improvements destroyed and the gradual restoration of the land to its former productive state. For temporary injuries to real estate it is claimed that the true measure of damages is the cost of restoration, plus the loss in rental value during the process. Whatever merit there may be in the contention, we cannot consider it here. Evidence was received, without objection, both as to the cost of restoring the improvements destroyed and as to the difference in the value of the land before and after the flood. What measure of damages was adopted by the court does not affirmatively appear from finding No. 12, and can only be inferred from

the nature of the evidence received. If defendant then had any objection, or a theory of the measure of damages other than that on which the court and counsel were apparently proceeding, it failed to call attention to it. It cannot now be heard to object to the result of the application of the theory in which it apparently acquiesced.

Having carefully considered all questions submitted, and finding no available error, we must affirm the judgment.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.

### On Motion for Rehearing.

WATSON, J. Defendant urgently insists that we have erred in our treatment of his assignments relating to the second crop of hay. He states two points: First, that damages therefor were too remote, contingent and speculative; and, second, that, as evidence was received as to the damage to the freehold, the loss of future crops was included therein, and that double damages thus resulted.

[10] As to the first of these points, we see no occasion to modify what we said before. To it may be added the fact that no objection whatever was interposed to the reception of this evidence. In the former opinion, we discussed defendant's claim that double damages resulted because of the reception of evidence, both as to the cost of reconstructing permanent improvements, and as to the difference in the value of land before and after the flood. That is also applicable to defendant's second point above stated. It is also noted that the witnesses who testified as to the injury to the freehold were asked by plaintiffs' counsel to eliminate from their estimates any depreciation on account of the loss of that year's hay crop.

If double damages have resulted in this cause through error in computation, or because of including the value of the second crop of hay, or the cost of

reconstructing permanent improvements, in the amount allowed for injury to the freehold, the fact can be established only by inferences to be drawn from a review of the whole record. While we have read the record with care, and have re-read it since the filing of the motion for rehearing, our system of review does not entitle defendant to a trial de novo. It is for it affirmatively to show error occurring at the trial. The presumptions are in favor of the correctness of the judgment. In the absence of specific findings as to the several items of damage, which defendant failed to request, and restricted as we are here by the well-settled principles governing review of causes in this court, we cannot disturb the judgment on the grounds above urged.

[11] Defendant also contends that we erred in sustaining the trial court in refusing to consider, as an admission, the letter of plaintiff Douglas Wright to the defendant regarding the amount of his damages. Counsel now take the position, as we understand them, that this writing was to be judged—either as an admission or as an offer—from its contents alone, and, possibly, from what was said when it was delivered. They contend that extrinsic circumstances, having a bearing upon the intent of the writer, cannot be shown. We cannot properly consider that question. The court ruled that he must hear evidence of such extrinsic circumstances. Counsel apparently have acquiesced in that ruling until now. The only complaint heretofore made is that finding 14 was not supported by the evidence. Counsel seek now to advance a new theory of the law. It is too late. Garcia v. Silva, 26 N. M. 421, 193 P. 498.

Defendant contends that, even if the character of the writing—as admission or offer—could be shown by such circumstances, the burden of proof rested upon plaintiffs to overcome its prima facie character as an admission. By finding 14 the court, in effect, held that plaintiffs had sustained that burden, and

we have pointed out the substantial evidence supporting the finding.

Unable to sustain any of defendant's contentions, the motion for rehearing is overruled, in view of which a motion filed by plaintiffs to strike the motion for rehearing becomes of no importance.

PARKER, C. J., and BICKLEY, J., concur.