[No. 1496, March 24, 1913.]

ALEXANDER GOLDENBERG, Appellant, v. CHAS. A. LAW, Appellee.

### SYLLABUS (BY THE COURT).

1.  The verdict of the jury will not be disturbed in this court where it is supported by any substantial evidence.

2.  Where a party claims that the lower court permitted a witness, over objection, to answer an improper question, he

Goldenberg v. Law, 17 N. M. 546.

must point out wherein his rights have been prejudiced thereby. The Supreme Court will disregard errors committed by the lower court, not prejudicial to the substantial rights of a party.

3. Where a party claims to be aggrieved by a claimed erroneous instruction, it is his duty to clearly point out his objection to such instruction.

4. A party may contract to render legal services for a party, after he has been admitted to practice, and in an action to recover for the value of such services, the test as to his right to recover, is, Was he admitted to practice at the time of the rendition of such services? and not whether he was so licensed at the time of the making of the contract for future services.

5. Where the trial court fails to mark on the margin of an instruction the words "given" or "refused," as required by statute, it is the duty of a party, desiring to have the question reviewed as to such failure, to interpose objection and save exceptions to such failure, and failing so to do, such alleged error will not be considered by the appellate court.

6. Where the trial court inadvertently handed to the jury, at the conclusion of the giving of the instructions, two instructions requested by plaintiff, but which the court refused to give, and so indicated on the margin thereof, and the jurors took such refused instructions with them to their jury room; but it appears that appellant's attorney was present in the court room at the time, and knew that the judge had handed such refused instruction to the jury, and failed to call the matter to the attention of the court, or to object or except thereto, the alleged error will not be considered by this court.

7. It has been settled upon sound consideration of public policy that the testimony of jurors is inadmissible in sup-

port of a motion to set aside a verdict on the ground of mis-
conduct of the jury.

Appeal from District Court, Union County.

O. P. EASTERWOOD, HENRY SWAN and LEROY MOORE,
for appellant.

Findings will not be disturbed when sustained by sub-
stantial evidence and where there is nothing in which to
shock the moral sense. Puritan Co. v. Totie, et al., 14 N.
M. 432; Kitchen v. Schuster, 14 N. M. 177; Ponnell v.
Louisville Tob. Co., 113 Ky. 630; Kerr v. Lunsford, 31
W. Va. 659; Leroy & W. R. Co. v. Ross, 20 Kas. 298;
Flint v. Flint, 6 Allen 34.

In order to testify as to the value of land one must be
informed concerning the land in question or similar local
land. Teele v. Boston, 165 Mass. 88; Gulf, etc. R. C. v.
Burrough, 66 S. W. 82; Seattle & N. R. Co. v. Gilchrist,
30 Pac. 738; First Natl. Bank v. Coffin, 162 Mass. 180;
Eastern Texas R. Co. v. Scurlock, 78 S. W. 490; Cor-
nelius v. Kessell, 10 N. W. 520; McLane v. Bovee, 35 Wis.
27; Ansley v. Peterson, 30 Wis. 653.

As to hypothetical questions. 2 Enc. of Ev. 171; Wil-
liams v. Brown, 28 Ohio St. 547; Wells v. Adams, 1 Pac.
698; Davis v. Travelers Ins. Co., 52 Pac. 67; Cherokee,
etc. Coal etc. Co. v. Dickson, 61 Pac. 450; Rowe v. Such,
66 Pac. 862; Warsaw v. Fisher, 55 N. E. 42; Bennett v.
Marion, 93 N. W. 558; Bishop v. Com., 60 S. W. 190;
William v. Williams, 132 Mass. 304; Wyse v. Wyse, 155
N. Y. 367.; No. American Ace Assn. v. Woodson, 64
Fed. 689.

Omission of the court to mark on the margin of each
instruction asked for "given" or "refused." Territory v.
Baker, 4 N. M. 236; sec. 2996 C. L. 1897; Territory v.
Cordova, 11 N. M. 374; Haynes v. U. S., 9 N. M. 524.

As to defendant's financial standing and ability. Bar-
bour County v. Horn, 48 Ala. 566; Hunt v. Chicago,
etc. R. Co., 26 Ia. 363; Cohen v. Goldberg, 67 N. W.
1149; Rosewater v. Hoffman, 38 N. W. 857; Laidlaw v.
Sage, 158 N. Y. 73; Wind v. Reed, 61 Mo. App. 621.

Goldenberg v. Law, 17 N. M. 546.

The law demands of each juror an honest consideration of the rights of the parties litigant and the exercise of his best judgment, guided by the law and the evidence of the case. A verdict reached in any other way should be set aside. Elledge v. Todd, 1 Humph. 43; Donner v. Palmer, 23 Cal. 40; Wright v. Illinois, etc. Tel. Co., 20 Ia. 195; Schanler v. Porter, 7 Ia. 482; Ruble v. McDonald, 7 Ia. 90; Manix v. Maloney, 7 Ia. 81; Knight v. Epsom, 62 N. H. 356; Chesapeake, etc. R. Co. v. Patton, 9 W. Va. 648; Parshall v. Minneapolis, etc. R. Co., 35 Fed. 649; Clyde Mattax v. U. S., 146 U. S. 141; U. S. v. Reid, 53 U. S. 361; Perry v. Bailey, 12 Kas. 539; Woodward v. Leavitt, 107 Mass. 453; Morse v. Montana Ore-Purchasing Co., 105 Fed. 345; State v. Riggs, 34 So. 657.

As to impeachment of the jury's verdict. U. S. v. Biena, 8 N. M. 102; U. S. v. Spencer, 8 N. M. 671.

W. J. LUCAS and JOHN A. PACE, for Appellee.

The finding will not be disturbed when sustained by substantial evidence, and where there is nothing in which to shock the moral sense. Puritan Co. v. Toti, 14 N. M. 432.

As to admissability of evidence, 2 Enc. of Ev. 287.

As to hypothetical questions. Harnett v. Garvey, 66 N. Y. 641; Turnbull v. Richardson, 69 Mich. 400.

As to recovery of attorney's fees. 3 A. & E. Enc. of Law, 415; Lombard v. Bayard, 1 Wall. Jr. 196; Eggleston v. Bordman, 37 Mass. 17; Chamberlain v. Rogers, 79 Mich. 219; Stevens v. Ellsworth, 63 N. W. 683; 3 A. & E. Enc. of Law, 421, 422.

As to marking instructions "given" and "refused." Territory v. O'Donnell, 4 N. M. 196; Territory v. Baker, 4 N. M. 274; Cook v. Hunt, 24 Ill. 535; Territory v. Cordova, 11 N. M. 395; Haynes v. U. S., 9 N. M. 524; Beall v. Territory, 1 N. M. 507; Territory v. Varberry, 2 N. M. 391; 8 Enc. Pl. & P. 262, 263.

No specific objection or exception reserved in regard to the testimony until long after the jury had retired, and in fact several days thereafter being specifically pointed out

in order to give the court opportunity to correct it. Such objections will not be considered in this court. Territory v. O'Donnell, 4 N. M. 196; Territory v. Baker, 4 N. M. 274; Territory v. Cordova, 11 N. M. 395; Haynes v. U. S., 9 N. M. 524; Beall v. Territory, 1 N. M. 507; Territory v. Yarberry, 2 N. M. 391; Territory v. Salazar, 3 N. M. 321; 8 Enc. of Pl. & Pr. 262-3.

In the absence of statute specifically permitting a juror to impeach his verdict on the ground that a resort to devices productive of chance had been had, it is held with practical unanimity that the affidavit of the juror cannot be used to impeach his verdict on that ground. Holmead v. Corcoran, 2 Cranch 119; Consolidated Ice Mach. Co. v. Trenton Hygerian Ice Co., 57 Fed. 898; Ward v. Blackwood, 48 Ark. 396; Lucas v. Canon, 13 Bush. 650; Knight v. Epsom, 62 N. H. 356; Kunkel v. Hughes, 6 Pa. Dist. 356; International, etc. R. Co. v. Gordon, 72 Tex. 44; Missouri, etc. R. Co. v. Hawk, 30 Tex. Civ. App. 142; Texas etc. R. Co. v. Lyons, 50 S. W. 161; Chesapeake, etc. R. Co. v. Patton, 9 W. Va. 648.

The question has been considered twice by the Supreme Court of New Mexico. U. S. v. Biena, 8 N. M. 102; U. S. v. Spencer, 8 N. M. 670.

OPINION OF THE COURT.

ROBERTS, C. J.—Appellee instituted this action in assumpsit, in the court below, to recover the alleged value of services rendered as an attorney at law, in the sum of $1,500. The cause being at issue was submitted to a jury, which returned a verdict in appellee's favor, fixed his damages at $750. A motion for a new trial was filed, and overruled, and the judgment was entered upon the verdict. From the judgment and the action of the court, in overruling the motion for a new trial, this appeal is prosecuted. Thirty-two alleged errors were assigned to the proceedings which led up to the judgment, eleven of which are not discussed by appellant and will therefore not be considered. The remaining assignments will be considered in the order presented.

Assignments two, three and four, allege error in that the verdict was against the law, was excessive and was not

supported or justified by the evidence. Appellant argues that there is not sufficient evidence in the record to sustain the verdict. The testimony of the appellee, however, shows that he was employed by appellant to represent him in procuring title, from the United States Government for 80 acres of land within the limits of the town of Tucumcari, or at least immediately adjoining said town. A portion of the land had been platted into town lots and sold to various parties by appellant. It appears that appellant had located scrip upon the land, which location had afterwards been vacated by order of the commissioner of the general land office and a homestead entry had been made upon the land. Appellee was employed to procure the cancellation of the homestead entry and the reinstatement of the scrip location, and was successful, and appellant finally secured patent to the land. Appellee testified that no definite arrangement had been made as to his compensation; that appellant paid him a retainer of fifty dollars and told him that if he succeeded in procuring a patent to the land that he would be rewarded "handsomely for his services." There was ample evidence submitted as to the rendition of the services and the value thereof, which, if believed by the jury, fully justified the verdict. This court can not undertake to weigh the evidence on appeal. Our only concern is as to whether the verdict is supported by substantial evidence. The rule was stated succinctly by Mr. Justice Parker, for the Territorial Supreme Court, in the case of Candelaria v. Miera, 13 N. M. 361, as follows:

"Ordinarily, neither the verdict of a jury nor the findings of a trial court will be disturbed in this court when they are supported by a substantial evidence."

There being substantial evidence, supporting the verdict of the jury, it will not be disturbed by this court.

It is next urged that the court erred in permitting appellee, over objections, to answer the following question:

"Was the land covered by the homestead entry of Dr. Tomlinson and the scrip selection of Mr. Goldenberg of the same character as to value and location as the original homestead entry in the land office."

The claim is· made that there is no evidence· to show that the witness was acquainted with the values of property, or that he had any information concerning this land or lands of like character in this vicinity. Admitting that the question was improper, appellant has failed to point out wherein he was prejudiced thereby. It is elementary that this court will disregard any error, not prejudicial to the substantial rights of a party, and the burden of showing such prejudices rests upon the party asserting it.

The court permitted, over objection, the following question to be propounded to E. W. Fox, Register of the Clayton Land Office, viz: "In general what did Mr. Law do as attorney for Mr. Goldenberg?" To which the witness answered: "He represented Mr. Goldenberg and Mr. Lowe in the reinstatement of this case." Appellant claims that the court violated the rule which requires that the truth shall be established by the best evidence in permitting the above and similar questions to go to the jury. He insists that the facts should have been established by the records of the land offices. There is no merit in this contention and it need not be further considered.

Appellants claim that the court erred in permitting the witness Fox to testify as to the skill, knowledge and experience required of an attorney to handle litigation in the United States Land Office, because such witness was not qualified to give such an opinion. It is sufficient answer to this contention to say that no such ground of objection was interposed in the court below.

· "Where evidence is objected to at the trial, if the party would save an exception to the ruling of the court is adverse to him, such as well be available on appeal or error. he must frame his objection so as to bring to the attention of the trial court the specific ground upon which he predicates it."

Thompson on Trials, 2nd ed., sec. 693.

And it has been held that an objection that evidence is "irrelevant, immaterial and improper" will not be sufficient to raise the question of the competency of the witness, even where he is clearly incompetent, by express statute.

Cornell v. Barnes, 26 Wis. 473. Hammond v. Decker, (Tex. Civ. App.) 102 S. W. 453.

Appellant next complains that the court erred in permitting appellee to propound certain hypothetical questions to certain witnesses, which questions he claims materially exaggerated the services rendered by appellee. We have carefully read the evidence and are of the opinion that the hypothetical question submitted did not materially exaggerate such services, and therefore need not further consider this objection.

Appellant also signs as error, the giving by the court of its own motion of instruction number 5, but he fails to point out in his brief any specific objection to this instruction, and it will not be considered by the court. Where a party claims to be aggrieved by a claimed erroneous instruction, it is his duty to clearly point out his objection to such instruction.

The twenty-seventh assignment of error relates to the refusal of the court to instruct the jury, as requested by appellant, that, if at the time of the making and entering into of the contract, between appellant and appellee, appellee was not a licensed attorney, that such fact should be considered by the jury in arriving at their verdict. Counsel for appellant failed to state in their brief when such fact should be so considered by the jury. Appellant, at the time of making the contract, had not been admitted to practice in the courts of New Mexico, or before the land office. He was, however, admitted within a few weeks after making the contract, and was a regularly licensed attorney at the time of the rendition of all services sued for. The rule is, as laid down in vol. 3, A. & Eng. Ency. of Law, 415, that,

"No one is entitled to recover compensation for services as an attorney at law unless he has been duly admitted to practice before the court, or within the jurisdiction where the services were rendered, and is an attorney in good standing at the time." Under the rule there is no limitation upon the right of a party to a contract to render services after he has been admitted to practice. The test is, was he admitted to practice at the time of the rendition of the services, and not whether he was not li-

censed at the time of the making of the contract for future service. The court properly refused the instruction.

The twenty-ninth and thirtieth assignment relate to alleged error committed by the district court in failing to mark, on the margin thereof, as "given" or "refused," two instructions requested by the plaintiff. No objection, however, was interposed to the action of the court, and the failure of the judge to so indicate, on the margin of the instructions, was in no manner called to his attention, nor were any exceptions saved to the failure to so indicate. Had the matter been called, in any manner, to the attention of the court, the error would have been doubtless corrected. But appellant, having failed to except to the failure of the court to indicate upon the margin of the instruction, whether "given" or "refused" as required by the statute, such alleged error can not be considered. See Territory v. Cordova, 11 N. M. 367, and Territory v. Baker, 4 N. M. 236.

From the record it appears that appellee requested the court to give to the jury two instructions, numbered respectively ten and eleven, which were refused by the court, and the court indicated such refusal by writing on the margin thereof the word "refused," together with the initials of the judge. These instructions were not read to the jury, but the attorney for appellant filed in the lower court, in support of appellant's motion for a new trial, an affidavit, which stated that the judge permitted the jury to take to the jury room, along with the other instructions given by the court, the two instructions which had been refused. The affidavit recites that the attorney for appellant was present in the court room at the time the instructions were handed to the jury, and it appears that said attorney was fully cognizant of the action of the court, in permitting said instructions to be taken by the jury to the jury room; a fact which doubtless escaped the attention of the court. But the record fails to disclose that the appellant called the matter to the attention of the court in any manner, or objected or saved exceptions thereto. He consciously and knowingly permitted the court to do an act, which he claims now to have been prejudicial,

without in any manner calling the attention of the court thereto, or saving any exceptions. This being true, he is not in a position to complain of the action of the court, or to take advantage here of the alleged error. Again, the alleged error is shown only by affidavit, and for aught that appears, the judge might have known, of his own knowledge, that the facts set forth therein were not true. Proper practice requires that such questions should be presented by bills of exception.

Cohen v. State, 85 Ind. 209, Thompson on Trials, (2nd ed.) sec. 2776.

In his motion for a new trial appellant sets up the fact that the jury, in arriving at a verdict in the cause, tossed up a coin, it having been agreed that if one side of the coin should fall face upward the verdict should be for $850, and if the reverse, it should be for $750. We are of the opinion that the district court did not err in refusing to grant a new trial upon the ground of misconduct of the jury. The only evidence of the facts set forth in the motion for a new trial, in this regard, was the affidavit of three of the jurors. It may be conceded that the alleged misconduct in the manner of arriving at the verdict would have been good ground for setting aside the verdict, if such fact had been established by admissable and sufficient testimony, but the question is, whether the testimony of the jurors was admissable to prove such facts.

The early English cases were conflicting and unsettled upon the proposition, and some of them, notably Phillips v. Fowler, Barnes 441; Millish v. Arnold, Bund. R. 51, held that the testimony of jurors was admissable to impeach their verdict, while the case of Prior v. Powers, 1 Kob. R. 811, held the contrary. But in Vaise v. Delaval, 1 T. R. 11, which is considered a leading case upon the subject, Lord Mansfield said:

"The court cannot receive such an affidavit from any of the jurymen themselves, in all of whom such misconduct is a very high misdemeanor; but in every such case the court must derive their knowledge from some other source."

This case was followed by the case of Owen v. Warbur-

ton, 4 Bos. & Pul. 326, in which Sir James Mansfield, Ch. J., said:

"We have conversed with the other judges upon this subject, and we are all of opinion that the affidavit of a juryman cannot be received. It is singular indeed, that almost the only evidence of which the case admits, should be shut out; but in considering the arts which might be used, if a contrary rule were to prevail, we think it necessary to exclude such evidence. If it were understood to be the law that a juryman might set aside a verdict by such evidence, it might sometimes happen that a juryman, being a friend to one of the parties, and not being able to bring over his companions to his opinion, might propose a decision by lot, with a view afterwards to set aside the verdict by his own affidavit, if the decision should be against him."

These two cases appear to have firmly settled the question in England; and the practice has never since been changed.

In the United States there appears to be a contrariety of opinion entertained by the courts. The majority of the states, however, adhere to the rule announced and followed by the English courts, and will not receive the affidavits of jurors to impeach their verdicts. An investigation of the cases following the rule that such evidence will be received, discloses that in many instances such holding is predicated upon statute, changing the general rule and requiring the courts to receive such affidavits and evidence. Such statutes usually limit the questions, upon which such evidence will be received. It would be a useless and burdensome undertaking to attempt to review the cases, and we shall content ourselves by referring to 29 A. & E. Ency. of Law, page 1008, where the cases will be found collected. A very instructive note will also be found appended to the case of Crawford v. State, 24 Am. Dec. 467, where the authorities are collected. The author says that the great weight of modern authority is opposed to the admission of affidavits of jurors in any case to show such misconduct on their part as will vitiate their verdict,

Seward v. D. & R. G., 17 N. M. 557.

and numerous cases are cited in support of the rule. 7 The rule, we believe to be correct, and to be founded upon considerations of public policy, and it should not be departed from to afford relief in supposed hard cases. The reason for the rule is stated as follows, in Graham and Waterman on New Trials, vol. 3, p. 1428, and quoted in the note to the above case.

"1. Because they would defeat their own solemn acts under oath.

2. Because their admission would open the door to tamper with jurymen after they had given their verdict.

3. Because they would be the means, in the hands of dissatisfied juror, to destroy a verdict at any time after he had assented to it."

Appellant claims that the supreme court of the territory considered the conduct of jurors, as set out in the affidavit of such jurors in two cases, viz: United States v. Bienca, 8 N. M. 102, and United States v. Spencer, 8 N. M. 671, but in neither of the cases does the question appear to have been squarely presented, and is not directly decided. We believe it much preferable to follow the rule generally prevalent, and which the experience of ages has demonstrated best preserves and protects the rights of litigants.

Finding no error in the record, the judgment of the lower court is affirmed, and it is so ordered.