[No. 2596.   Oct. 12, 1923.]

COLLINS v. UNKNOWN HEIRS OF FINICAL et al.

SYLLABUS BY THE COURT

Alleged errors, not called to the attention of the trial court, will not be considered here.

Appeal from District Court, Sandoval County; Hickey, Judge.

Suit by A. E. Collins against the unknown heirs of Thomas A. Finical, deceased, and others. From decree for plaintiff, defendants and an intervener appeal. Affirmed, and cause remanded.

Simms & Botts, of Albuquerque, for appellants.

H. B. Jamison, of Albuquerque, for appellee.

OPINION OF THE COURT

MECHEM, District Judge. This is a suit to quiet title, and resulted in a judgment for the appellee, from which an intervener has appealed. The judgment is in usual form, and found that the appellee was the owner in fee simple of the land, except certain specified and described parcels held in severalty by other named persons, and quieted appellee's title, and barred and estopped intervener from having and claiming any right in the property. The judgment concludes with the recital: "To all of which the defendants and interveners except." The court made no specific findings of fact, and none were requested by any of the parties.

The lands in controversy are within a Spanish grant to the San Felipe Indians, made in the year 1689. These Indians, in 1926, in consideration of 200 ewes, conveyed the land to the settlers of Algodones, and the lands were partitioned with the exception of some common lands, among the beneficiaries of the deed from the Indians. On June 1, 1826, by mutual agreement, this partition was certified to by the alcalde constitucional of the district. Thus matters stood until 1882, when certain persons, residing at Algodones and claiming lands there, but not shown to be connected with the Indian deed, began to give deeds to portions of these lands to plaintiff's grantors. Under these deeds plaintiff's grantors went into possession, and had ever since paid the taxes on the land, down to the time of trial, had established a residence on the lands, and maintained a store and postoffice therein, had laid out, platted, and staked a townsite thereon, had sold a right of way to the Santa Fe Railroad thereover, and at all times had claimed to own and exercise dominion over all the lands covered by their deeds. The land was not fenced, and the animals of all the people of the neighborhood grazed on the unoccupied portions thereof, but no one is shown to have asserted a right, as against the

appellee and his grantors, to graze the lands against their will.

The claim is made by appellant, however, that the proof in behalf of appellee is not sufficient to show open, hostile, continuous, and exclusive adverse possession to ripen into title. Appellee replies that by reason of the condition of the record appellant is not in position to present any such question for review. In Sais v. City Electric Co., 26 N. M. 66, 188 Pac. 1110, we had occasion to state the position of the court on this matter. We there pointed out that propositions of law not raised in the trial court will not be considered here, citing Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294. We also stated some exceptions to this general rule as follows:

"Three specific exceptions to that rule have also been announced in this court, viz: (1) That jurisdictional questions may be raised for the first time here [citing cases]; (2) that questions of a general public nature affecting the interest of the state at large may be determined by the court without having been raised in the trial court; * * * and (3) that the court will determine propositions not raised in the trial court, where it is necessary to do so in order to protect the fundamental rights of the party"—citing State v. Garcia, 19 N. M. 414, 143 Pac. 1012.

The question here presented is not jurisdictional. The court simply was in error, if the facts were insufficient, as claimed by appellant. There is no public question involved. If appellant is to be heard here, application of the doctrine of State v. Garcia, supra, will have to be made. The distinction between that case and this is plain. In that case a man had been sentenced to imprisonment for a term of years where there was, not only no evidence to support the verdict, but where the evidence conclusively established his innocence. In that case, after referring to the statute requiring parties to take exception in the court below, we said:

"The restrictions of the statute apply to the parties, not to this court. This court, of course, will exercise this discretion very guardedly, and only where some fundamental right has

been invaded, and never·in aid of strictly legal, technical, or unsubstantial claims; nor will we consider the weight of evidence if any substantial evidence was submitted to support the verdict.· If substantial justice has been done, parties must have duly taken and preserved exceptions in the lower court to the invasion of their legal right before we will notice them here."

But in this case there was a bona fide attempt on the part of the appellee to show title by adverse possession, covering a long period of years, and the proof seems to be complete, except, perhaps, as to the exclusive character of the possession. The defect in the proof, if defect there was, was never pointed out to the trial court by any motion, exception, or request for findings, and appellant cannot insist here upon the same for that reason. This court does not, under the cricumstances, and in the condition of the proof in the case, feel justified in examining the record in aid of a purely legal right, the invasion of which was not called to the attention of the court.

It follows that the judgment of the court below should be affirmed, and the cause remanded, with directions to enforce its decree, and it is so ordered.

PARKER, C. J., and BRATTON, J., concur.