[No. 3134A.   May 2, 1928.]

TALLEY v. GREEAR.

[275 Pac. 378.]

Fitzhugh & Fitzhugh, of Clovis, for appellant.

A. W. Hockenhull, of Clovis, and W. A. Gillenwater, of Santa Fe, for appellee.

### OPINION OF THE COURT

BICKLEY, J.   Appellee (plaintiff) sued appellant (defendant) for damages for breach of a contract for the sale by appellant to appellee of certain real estate.   The damages claimed by plaintiff's first cause of action was the difference between the contract price of the land and the market value thereof, and by the second cause of action $322.82 on account of taxes due on the land which plaintiff alleges he was induced to pay and which sum it was agreed should be credited upon the purchase price of the land upon the consummation of the trade.   There were other damages claimed by plaintiff, but not submitted by the court to the jury, and therefore need not be con-

sidered. Defendant counterclaimed, alleging that the plaintiff had breached the contract, and prayed for damages alleged to have been suffered as a result of such breach.

Upon the issues presented, the cause went to trial to a jury, which returned its verdict in favor of the plaintiff on his first cause of action for $827.18 and for $322.82 on his second cause of action. Defendant filed a motion for a new trial, the grounds of which, so far as argued here, were: First, that the verdict of the jury is what is known to the law as a quotient verdict and therefore should be set aside; second, that there is no evidence to support the verdict, particularly as to the damages awarded upon plaintiff's first cause of action; third, that the verdict is not supported by a preponderance of the evidence. This motion was overruled by the court and judgment rendered pursuant to the verdict.

The contentions of the appellant are that the court erred in overruling his motion for an instructed verdict in favor of the defendant at the close of the testimony of the defendant and in overruling a similar motion at the close of the case, that the verdict was erroneous because not supported by any substantial evidence, and because said verdict was contrary to the evidence, and that the court erred in overruling defendant's motion for a new trial, and that the verdict was a quotient verdict and therefore illegal and should have been set aside.

All but the last of these propositions turn on the sufficiency of the evidence at the various stages of the proceedings. We have examined the record, and find that the evidence at the close of plaintiff's case was sufficient to present a question for the jury, and that such evidence was not destroyed by the evidence brought forth by the defendant, and that the evidence was sufficient, under the instructions, to support the verdict. For like reasons, we find no error in the overruling of defendant's motions heretofore referred to.

Paragraph 1 of the motion for a new trial is predicated upon the alleged misconduct of the jury in the manner in which they arrived at their verdict—that it was a

quotient verdict. To the motion for new trial is attached an affidavit of the janitor at the courthouse, to the effect that he found some scraps of paper in the jury room and noticed some figures on some of said scraps and that said figures were not all alike, and that said strips of paper had red lines on them "like the one attached hereto"; that said slips of paper, with other papers, were thrown into the wastebasket and afterwards burned up. There is no slip of paper nor copy thereof attached to the copy of the affidavit set forth in the record. We do not consider this affidavit as proof of anything. There is also attached to said motion for new trial the affidavit of W. J. Walker, one of the jurors, who tried the case. The matters set forth in this affidavit, if we could consider the same, might suggest that the jury had arrived at their verdict in an improper manner; but as was said in Goldenberg v. Law, 17 N. M. 546, 131 P. 499:

"It has been settled upon sound consideration of public policy that the testimony of jurors is inadmissible in support of a motion to set aside a verdict on the ground of misconduct of the jury."

Appellant admits the soundness of this doctrine, but thinks that the verdict itself indicates that it was arrived at in an improper manner. Appellant does not claim that if the defendant is liable that the verdict is excessive or is not within the range of the testimony as to the difference between the contract price and the market value of the land, but he claims that in all of the testimony the smallest monetary unit used by any witness was the sum of 50 cents, witnesses for the plaintiff fixing the value at from $22.50 to $30 per acre and the witnesses for defendant fixing the value at from $10 to $19 per acre, the contract price being $20 per acre. This circumstance alone is not sufficient to convince us that the verdict was a quotient verdict.

To add the several sums which each juror thinks in conscience ought to be given and divide the sum so produced, without fraud or chicanery (which ought never to be presumed of a jury) by the whole number of jurors, as the center of mutual concession, seems to be not an unusual mode of forming a verdict in a damage suit. The vice of such a method is said to arise where there is a

previous agreement among the jurors to abide by the sum so produced. On the other hand, it has been said that a verdict is not a quotient verdict though the jury acted on the suggestion that each should note the amount he thought the plaintiff entitled to and that such amounts should be added and the sum divided by twelve to ascertain the average; there being no agreement that the amount so found should be their verdict. For illustrations of what is and what is not a quotient verdict, see Dec. Digest, "Trial," par. 315.

Eliminating the affidavits, as we must, there is nothing in the record upon which we could say that even if the verdict was arrived at by some compromise method there was present a previously assumed obligation of the jurors to abide by such compromise result, so essential to make the proceeding illegal. And so we may not say that the trial court abused its discretion in overruling the motion for new trial upon the first ground thereof.

Finding no error in the record, the judgment is affirmed and the cause remanded, with directions that judgment be entered against the principal and sureties of the supersedeas bond; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.