[No. 3239.   Feb. 9, 1929.]

STATE v. ANALLA et al.

[276 Pac. 291.]

Renehan & Gilbert, of Santa Fe, and H. B. Hamilton, of El Paso, Tex., for appellants.

Robert C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON, J. Appellants were convicted of voluntary manslaughter. The homicide was the result of a fight at a wedding dance. Such further facts as may be necessary to a decision will be stated in connection with the several propositions of law.

After the fight the deceased had gone, or been taken, to a house near by and lay in the same room where a sister-in-law of one of the defendants lay ill. The four defendants came to that house and one of them entered the room and talked to his sick sister-in-law. The court sustained an objection by the state to a question by defendants' counsel as to how far that defendant was from the deceased. This ruling is assigned as error. Counsel did not intimate any purpose for which the expected answer might be material. The fight was over and the deceased hors de combat. It is now argued that it was material to the defense to show that the defendant in question was near enough to the deceased to have done him harm had he been so disposed, and that it was the theory of the state that the defendants had pursued him to that house for the purpose of doing the deceased further injury. Appellants neglect to point out any portion of the transcript showing such theory on the part of the state. It had certainly not developed at the time the objection was sustained. State v. Martino, 27 N. M. 1, 192 P. 507, cited by appellant, is not in point. See State v. Greenlee, 33 N. M. 449, 269 P. 331.

Error is assigned upon the overruling of appellants' motion for a directed verdict at the close of the state's case. By introducing evidence in their behalf after

the overruling of this motion, appellants waived the objection.  State v. Stewart, 34 N. M. 65, 277 P. 22.

It is contended that the court erred in submitting murder in the first and second degrees because of a lack of any evidence to show guilt of such crimes.  Appellants, by their conviction of manslaughter, were acquitted of murder.  The error, if any, was therefore harmless.  30 C. J., "Homicide," § 712; State v. Garcia, 19 N. M. 414, 143 P. 1012.

The court left it to the jury to determine whether the assault upon the deceased was part of a common design upon the part of appellants.  It was excepted that "there was no evidence introduced on the part of the state, showing a common design on the part of the defendants or any of them."  The argument amounts to this:  That while it is true that the fight was general on the part of appellants, yet, according to their view of the facts (the correctness of which we do not consider), one of the appellants, Sabadra, was merely defending himself against attack by the deceased and could not have been party to a common design.  Assuming this to have been the situation, it is obvious that the exception, as stated, was not good, and that it failed to call attention to the objection now urged.  If the court did overlook the alleged fact that one of the defendants was situated differently than the other three, so that as to him there was no evidence of a common design, attention was not called to the matter, and it is not available as error.

A motion for new trial set up, among other grounds, that two of the jurors had prejudged the case on account of corrupting influence.  The overruling of the motion is assigned as error.  A large part of the matter stated in the affidavits supporting the motion must be ignored as hearsay, and as representing nothing more than neighborhood rumor.  This leaves for consideration affidavits of alleged statements by jurors to affiants after verdict.  One alleged statement was "that there was a number of jurors who voted for a first degree verdict but that as far as he was personally concerned that he

knew what he was going to do in the case before he was accepted as a juror, to try the case." The other alleged statement was "that he was sorry that he could not help the defendants, but that when he went on the jury that he had agreed to return a verdict of guilty for the state and * * * that if it had not been for the fact that the said jury had been worked on and tampered with that they would have returned a verdict of not guilty in the case of State v. Francisco Analla within a very few minutes." This juror is alleged to have made the further statement to affiant that, by the expression "worked on and tampered with the jury," he meant "that they were handled and worked with money the same as he was." This matter is disposed of by the rule laid down in 16 C. J. 1241.

"Affidavits or testimony of third persons as to statements of jurors tending to impeach their verdict are inadmissible, not only as hearsay but also for the same reason which excludes the affidavits or testimony of the jurors."

The decisions cited have been examined and fully sustain the proposition. The basic principle is that the jurors will not be heard directly to impeach their own verdict. This principle is supported by the great weight of authority and is settled in this jurisdiction by Goldenberg v. Law, 17 N. M. 546, 131 P. 499. The attempt to impeach a verdict by the unsworn statements of jurors, made out of court, is, of course, still more objectionable, as has been many times pointed out by the courts. See the cases above cited; and as to civil cases, 29 Cyc. 981, note 97.

A number of other points have been raised in the brief, but it is not deemed necessary to state or discuss them here. They have been carefully considered and are found to have no merit.

The judgment must be affirmed.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.