214 P.2d 226

**SENA v. SANDERS et al.**

No. 5226.

Supreme Court of New Mexico.

Jan. 12, 1950.

Rehearing Denied Feb. 18, 1950.

Wesley Quinn, Clovis, Lewis C. Cox, Jr., Clovis, for appellants.

Gore, Babbitt & Nieves, Clovis, for appellee.

LUJAN, Justice.

Vidal Sena, a minor, while in the employment of Ralph W. Sanders and J. F. (Jack) Sanders, a partnership engaged in the manufacture of pumice blocks, slipped on the floor of the room where such blocks were being made and while trying to right himself stuck his right hand in the cogs of a cement mixer used by the defendants to make the blocks, thereby receiving injuries which resulted in the loss of the thumb, first and fourth fingers thereof. Bennie L. Sena, the father of the employee brought this action in tort to recover damages accruing to his son by reason of the loss of the use of his hand. Recovery is predicated upon the alleged carelessness and negligence of the defendants in the following particulars: (1) In requiring Vidal Sena to work as a laborer in their pumice block factory next to dangerous machinery without properly instructing and cautioning him relative thereto. (2) In requiring him to work next to a cement mixer which was unfenced and unguarded.

The defendants answered by general denial and also alleged that the plaintiff was not entitled to recover any damages. The case was tried upon the issues thus framed.

The jury returned a verdict in favor of the plaintiff in the sum of $3,760, and which the court declined to set aside on a motion by the defendants for a judgment in their favor notwithstanding the verdict. Their motion for a new trial was likewise denied, a judgment was entered and this appeal followed. For convenience we will refer to the minor as the plaintiff and to the appellants as the defendants.

The first contention advanced by the defendants is that the court erred in ruling as a matter of law that they were barred from asserting their common law defenses.

At a pre-trial conference, the trial court ruled that the defenses of assumption of risk, fellow servant and contributory negligence were unavailable to the defendants under the provisions of 1941 Compilation, Section 57-905 of the Workmen's Compensation Act. This ruling of the trial court is challenged by the defendants as erroneous, a question we need not determine since the court was right for another compelling reason. Cf. Lockhart v. Wills et al., 9 N.M. 344, 359, 54 P. 336; and Lopez v. Townsend, 42 N.M. 601, 622, 82 P.2d 921. In order for such affirmative defenses to be available to a defendant they must be pleaded. Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214; George v. Jensen, 49 N.M. 410, 165 P.2d 129; 1941 Compilation, Section 19-101(8c). The answer contained only a general denial.

Under Point II of their brief, the defendants argue that:

"The court should have granted defendants requested instructions numbered 3, 4, 5, 6, 7 and 8."

This is the identical language used in their assignment of error No. 2.

A similar defect appears under Point III as well as assignment of error designated by that number.

"The court should have refused plaintiff's requested instructions numbered 4, 5 and 8."

None of these instructions nor those given by the court at the instance of the plaintiff appear in the brief. Consequently, we will not search the record for the purpose of determining just what instructions were refused and which were given at the solicitation of the plaintiff. Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228.

It is next contended that the trial court erred in refusing to grant a new trial due to the improper conduct of the plaintiff while on the witness stand. We are not impressed with this contention. The misconduct complained of was the alleged act of the plaintiff in arising to his feet and pointing to his wife in the court room with his injured hand. We have examined the record to ascertain what happened at the time it is alleged the plaintiff exhibited his

injured hand in the presence of the jury and we find the following:

"By Mr. Gore:

"Q. You are married to Bennie Sena? A. Yes sir.

"Q. That is your wife's name? A. Yes sir.

"Q. Is she in the audience? A. Yes sir, she is over there."

 There is nothing in the record to show that the plaintiff arose from the witness stand to his feet and pointed to his wife with his injured hand, but even if he had, there was no objection made by the defendants nor was the matter called to the attention of the court. Therefore, it is not properly here for review. We have often held that matters not called to the attention of the court, except as to questions of jurisdiction, cannot be raised for the first time on appeal. Springer Ditch Co. v. Wright et al., 31 N.M. 457, 247 P. 270; Collins v. Unknown Heirs of Finical et al., 29 N.M. 140, 219 P. 491; Prichard v. Fulner et al., 25 N.M. 452, 184 P. 529.

Finally it is contended that the verdict of the jury was quotient and that certain jurors should have been permitted to testify to that effect. The court did not commit error in refusing to receive their testimony in this regard. We have repeatedly held that the testimony of jurors is not admissible to explain the grounds of their decision or to impeach the validity of their findings. Goldenberg v. Law, 17 N.M. 546, 131 P. 499; Talley v. Greear, 34 N.M. 26, 275 P. 378; State v. Nevares, 36 N.M. 41, 7 P.2d 933.

Finding no error in the record, the judgment is affirmed and the cause remanded, with directions that judgment be entered against the principals and sureties of the supersedeas bond; and it is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.