322 P.2d 110

John J. McKINNEY and Dorothy McKinney, his wife, Plaintiffs-Appellants,

v.

C. B. SMITH, Defendant-Appellee.

No. 6313.

Supreme Court of New Mexico.

Feb. 14, 1958.

Rehearing Denied March 12, 1958.

L. J. Maveety, Las Cruces, for appellants.

Dan Sosa, Jr., Glenn B. Neumeyer, Las Cruces, for appellee.

LUJAN, Chief Justice.

This is an action for damages for an alleged breach of a building contract. Upon the issues being joined the cause was tried to a jury, resulting in the following verdict returned in open court:

"We, the jury find the issues in favor of the plaintiffs and assess their damages at $1500.00. Dated June 19, 1957. Joe Jackovich-Foreman."

Prior to rendering the above verdict the foreman of the jury requested permission of the court to ask it a question.

"By the foreman: Your honor, the question that has arisen that we can't seem to agree on—to get a clear view of—is the fact here that the plaintiffs admit they are possessed of or that they have in their possession $985 which they state was delivered to them by the defendant for the purpose of a swimming pool and recognize that said sum must be set off against any sum that might possibly be awarded them in damages against the defendant. Now the question is: Should we arrive at a fact that the plaintiffs should be awarded damages, would the $985 be taken from the amount that would be put in this space here where it says, 'We, the jury, find the issues in favor of plaintiffs'?

"By The Court: That's right.

"By The Foreman: The $985 would be deducted from the said figure?

"By The Court: That's right."

The plaintiffs alleged that at the time of the execution of the contract they paid defendant the sum of $1,500 and subsequently they paid him an additional sum of $500 as part of purchase price of said contract They also alleged that in addition to the payment of the $2,000, they furnished certain items and labor for construction of the two bedroom home, in the sum of $1,250, making a total sum of $3,250. General damages in the sum of $5,000 were also prayed for. They admitted that the defendant had given them the sum of $985 and that this sum should be deducted from any damages awarded them.

There was no objection to the verdict as rendered. It was accepted in open court and ordered filed, as of June 19, 1957, by the trial judge and the jury was then discharged.

On June 21, 1957, two days after the jury had been discharged from the case and had dispersed to their homes, an affidavit was obtained from them, which they all signed, the substance of which was that they intended to award plaintiffs the sum of $515 only, rather than $1,500, as announced in their verdict. On June 27, 1957, this affidavit was filed with the clerk of the court, and on this date the plaintiffs moved the court to strike the same on the ground that it is an attempt to impeach the verdict of the jury. This motion was overruled, and on June 28, 1957, the trial judge signed and entered a judgment in favor of plaintiffs for $515 instead of $1,500 as called for by the jury's verdict, and plaintiffs appeal. The parties will be referred to as they appeared in the court below.

The plaintiffs seriously contend that the court erred in (1) receiving in evidence the affidavit of the jurors; (2) in refusing to strike such affidavit of the jurors from the record; and (3) in subtracting the sum of $985 from the jury's verdict upon the entry of judgment.

■ The rule is established in this jurisdiction that a verdict cannot be impeached by the affidavits of jurors. Goldenberg v. Law, 17 N.M. 546, 131 P. 499. It has been followed in Murray v. Belmore, 21 N.M. 313, 154 P. 705; State v. Taylor, 26 N.M. 429, 194 P. 368; State v. Analla, 34 N.M. 22, 276 P. 291; and Sena v. Sanders, 54 N.M. 83, 214 P.2d 226.

In Goldenberg v. Law, supra [17 N.M. 546, 131 P. 502], the court said: "The rule we believe to be correct, and to be founded upon consideration of public policy, and it should not be departed from to afford relief in supposed hard cases. The reason for the rule is stated as follows, in Graham and Waterman in New Trials, Vol. 3, p. 1428 and quoted in the note to the above case: '(1) Because they would defeat their own solemn acts under oath. (2) Because their admission would open the door to tamper with jurymen after they had given their verdict. (3) Because they would be the means, in the hands of dissatisfied juror, to destroy a verdict at any time after he had assented to it.'"

■ If the trial court entertained any doubt, at the time the jury returned its verdict, as to whether or not the jury had deducted the $985 from the award of damages the plaintiffs were entitled to, it could have asked the jury whether or not they had deducted the above amount from the damages assessed against the defendant, if the jury had not done so, then the court should have returned them to the jury room and have them amend their verdict. Sanchez v. Securities Acceptance Corporation, 57 N.M. 512, 260 P.2d 703; Johnson v. Mercantile Insurance Company of America, 47 N.M. 47, 313 P.2d 708; DiPalma v. Weinman, 16 N.M. 302, 121 P. 38.

The jury having found for the plaintiffs and assessed their damages at $1,500, it was error for the court, in making up the judgment, to deduct from the verdict the sum of $985. The correcting of the verdict should have been made in a proper manner, before the jury was discharged.

The judgment is reversed and the cause remanded with instructions to the district court to set aside its judgment and enter judgment for plaintiff for the amount of the verdict returned by the jury.

It Is So Ordered.

McGHEE, COMPTON, KIKER and CARMODY, JJ., concur.