510 P.2d 506

**W. R. BIEBELLE, Jr. and Marcel K. Biebelle, Plaintiffs-Appellees and Cross-Appellants,**

v.

**Carlos J. NORERO and Justine O. Norero, his wife, Defendants-Appellants and Cross-Appellees.**

**No. 9538.**

Supreme Court of New Mexico.

May 25, 1973.

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellants.

Robertson & Reynolds, Silver City, for appellees.

## OPINION

STEPHENSON, Justice.

We are called upon to decide several procedural issues stemming from a suit brought by appellees ("plaintiffs") in the District Court of Grant County to establish an easement over appellants' ("defendants") land. Defendants answered setting up affirmative defenses and counterclaimed on the theory that plaintiffs and various employees of Grant County conspired to trespass upon their property. Plaintiffs were allowed to amend their complaint, adding the theory of easement by prescription to the original theories of apparent easement or visible servitude and easement by necessity. In their answer to the amended complaint, defendants did not reassert the counterclaim. A pretrial hearing was held and an order entered.

The case was tried to a jury. At the conclusion of the hearing of testimony, which included the evidence relating to the counterclaim, plaintiffs moved to dismiss the counterclaim for lack of jurisdiction. The trial court granted the motion. The jury returned a verdict by interrogatories in which it answered affirmatively the interrogatory inquiring as to the existence of an easement by prescription, but negatively responded to the interrogatory pertaining to easement by necessity. Defendants then moved for judgment or for a new trial based upon affidavits of jurors stating that the written form of answers to the interrogatories was not in fact what the jury had decided. The motion was denied and judgment entered for plaintiffs.

The easement with which we are concerned is upon lands involved in the case of Norero v. Board of County Commissioners of Grant County, 82 N.M. 300, 481 P.2d 88 (1971) but that case is immaterial to the present problem.

The first issue raised by defendants is whether the trial court properly granted plaintiffs' motion to dismiss the counterclaim. In granting the motion, the district court relied in part upon Rule 15(e) [§ 21–1–1(15)(e), N.M.S.A.1953] as applied in Griego v. Roybal, 79 N.M. 273, 442 P.2d 585 (1968). Rule 15(e) states:

"In every complaint, answer, or reply, amendatory or supplemental, the party shall set forth in one [1] entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense."

In Griego, we said:

" * * * [T]he failure to re-allege allegations of an original pleading constitutes an abandonment of those allegations not re-alleged. See Primus v. Clark, 58 N.M. 588, 273 P.2d 963. Since Rule 7(a) requires a counterclaim to be a part of an answer, it is apparent to us that Rule 15(e) requires a counterclaim, if there is one, to be a part of an amended answer."

Defendant argues that Griego is distinguishable in that it involved an amended answer rather than an answer to an amended complaint. Although this distinction is factually correct, it is not determinative, since Rule 15(e) applies to "every complaint, answer, or reply, amendatory or supplemental."

The factual setting confronting us here is more complex than in Griego. In this case, the trial court entered a pretrial or-

der pursuant to Rule 16 [§ 21–1–1(16), N. M.S.A.1953] which states in part:

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

The pretrial order in this case, under the heading "GENERAL NATURE OF THE CLAIMS OF THE PARTIES," states:

"Defendants have filed a counterclaim asking for damages in the way of attorney's fees, trespasses and mental anguish resulting from a conspiracy on the part of the plaintiffs and also asking for exemplary damages for the malicious actions of plaintiffs."

And under the heading "CONTESTED ISSUES OR FACT," the order tells us that "Defendants counterclaim for damages; the plaintiffs deny the damages." Plaintiff's attorney was present at the pretrial conference and approved the pretrial order. It is thus inconceivable that defendants' failure to reassert their counterclaim in their answer to the amended complaint prejudiced plaintiffs. Moreover, many federal cases interpreting the federal counterpart of our Rule 16 hold that an issue stated in the pretrial order is properly tried even though not raised in the pleadings and that the pretrial order supersedes the pleadings. See 3 Moore's Federal Practice § 16.19 (2nd Ed. 1972); 6 Wright and Miller Federal Practice and Procedure: Civil § 1522 (1971).

Even assuming that defendants' counterclaim was not in the pleadings, Rule 15(b) [§ 21–1–1(15)(b), N.M.S.A.1953] provides in relevant part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

Adherence to the principle of Rule 15(b) is well established in New Mexico. Berkstresser v. Voight, 63 N.M. 470, 321 P.2d 1115 (1958). The counterclaim was tried by implied consent of the parties.

Discourse between the court and counsel indicates that all were somewhat troubled by the interplay of Rule 15(b), Rule 15(e) and Rule 16. Perhaps this was caused by the fact that Rule 15(b) and 16 are based upon the federal rules, but the source of Rule 15(e) is Laws 1897, Ch. 73 § 89. Its purpose was doubtless to prevent surprise and prejudice (features entirely lacking here) and to serve the convenience of court, counsel and litigants by avoiding the necessity of rummaging through court files to discover operative pleadings scattered about therein. Rule 15(e) is a rule of civil procedure and ought to be followed, and we decline to overrule or modify Griego. However, slavish application of the rule seems inappropriate in this case.

■ We hold that in situations where there is neither surprise nor prejudice, or where the pretrial order regularly entered states the issues of a counterclaim to be pending for trial, or where such issues are actually tried without objection, failure to incorporate a previously filed counterclaim into an amended answer is not a sound basis for its dismissal. Under circumstances in which Rule 15(e) conflicts with Rule 15(b) and 16, Rule 15(e) must stand aside in deference to our general policy of providing maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. See 2 Moore's, supra, § 1.13; 4 Wright and Miller, supra, § 1029. See also, Rule 13(f) [§ 21–1–1(13)(f), N.M.S.A.1953.] Accordingly, we hold that the counterclaim was tried in accordance with the Rules of Civil Procedure and that it would have been error for the trial court to dismiss it based solely on the violation of Rule 15(e).

■ Although plaintiffs' motion, made after the close of presentation of evidence, was in the form of a motion to dismiss for lack of jurisdiction, the record indicates that the court treated it in the alternative as a motion for directed verdict allowed by Rule 50(a) [§ 21–1–1(50)(a), N.M.S.A. 1953] and sustained it on that additional ground. Defendants also challenge the district court's refusal to submit the counterclaim to the jury on this ground.

In denying the jury an opportunity to decide the counterclaim, the court's statements in the record make clear that it considered that there had been an entire failure of proof of certain of its material allegations, viz: conspiracy or damage. The court grounded its dismissal of the counterclaim not only upon Rule 15(e) but on the failure of proof as well.

We agree with the trial court that there was a failure of proof as to essential allegations of the counterclaim. Thus any error inhering in the court's action in respect to Rule 15(e) was harmless, and hence not reversible. Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967).

Defendants also assert that the trial court erred in refusing to enter judgment for them, or in the alternative grant them a new trial, on the basis of affidavits of seven jurors which tend to indicate that the affirmative answer to the interrogatory as to an easement by prescription did not reflect the actual decision of the jury.

■ Affidavits of jurors tending to impeach, impugn or vitiate their verdicts will not be received, admitted or considered. City of Albuquerque v. Ackerman, 82 N.M. 360, 482 P.2d 63 (1971). Defendants argue that our cases dealing with impeachment of verdicts are not instructive in that they pertain to improprieties in juror conduct or the method used by the jury in reaching its decision, but that the issue here is whether the verdict reflects the actual decision of the jury. The thrust of the argument is that the verdict sheet mistakenly recorded the decision of the jury.

It is true that most of the cases in this state on the subject of impeachment of jury verdicts involve situations as to juror conduct and jury methods. See City of Albuquerque v. Ackerman, supra, (use by jurors during deliberation of notes taken during trial); Skeet v. Wilson, 76 N.M. 697, 417 P.2d 889 (1966) (jurors visiting scene of accident in violation of court's order); Garcia v. Sanchez, 68 N.M. 394, 362 P.2d 779 (1961) and Scofield v. J. W. Jones Construction Co., 64 N.M. 319, 328 P.2d 389 (1958) (jury considering a fact not properly before it); State v. Embrey, 62 N.M. 107, 305 P.2d 723 (1956) (separation of two jurors from the rest of the jury); Sena v. Sanders, 54 N.M. 83, 214 P.2d 226 (1950) and Talley v. Greear, 34 N.M. 26, 275 P. 378 (1928) (jury reaching a quotient verdict); and Goldenberg v. Law, 17 N.M. 546, 131 P. 499 (1913) (jury deciding amount of damages by flip of coin). But in McKinney v. Smith, 63 N.M. 477, 322 P.2d 110 (1958) we applied the principle in question to a situation in which the jurors unanimously signed an affidavit to the effect that the amount of damages announced in their verdict should have been $515.00 rather than $1500.00. In holding that the verdict could not be impeached through affidavits of jurors we reviewed the reasons for the principle as we stated them in Goldenberg v. Law, supra:

"The reason for the rule is stated as follows, in Graham & Waterman on New Trials, vol. 3, p. 1428 and quoted in the note to the above case [Crawford v. State, Tenn., 24 Am.Dec. 467]: '(1) Because they would defeat their own solemn acts under oath. (2) Because their admission would open the door to tamper with jurymen after they had given their verdict. (3) Because they would be the means, in the hands of dissatisfied juror, to destroy a verdict at any time after he had assented to it.'"

■ These reasons are applicable whether the allegations are of juror misconduct or improper jury methods as in

most of the cases to which we have referred, or mistake in rendering the verdict as in McKinney v. Smith, supra, and this case. We therefore hold that the trial court did not err in refusing to allow impeachment of the verdict by affidavits of jurors.

Finally, defendants challenge the correctness of the portion of the trial court's judgment which finds the width of the easement to be seventeen feet. Defendants' challenge is predicated upon plaintiffs' expert surveyor's testimony that the easement was seven feet wide. Plaintiffs rebut by asserting that the record mistakenly reflects the testimony as indicating seven feet when in fact the witness testified to seventeen feet. Seventeen feet finds some support in the record, but more to the point is plaintiff's testimony that the width is "about six paces or eighteen steps * * * that's approximate, I have never measured it" and that a fourteen foot culvert had previously been laid across the road. Although the evidence relied upon by the parties is conflicting, there is substantial evidence to support the judgment, as to the width of the easement.

As we have mentioned, the jury in answer to an interrogatory, stated that plaintiffs had an easement by prescription, but, not by necessity, across defendants' property and judgment was entered in their favor predicated upon an easement by prescription. They have cross-appealed contending that the jury's negative answer to the latter interrogatory is unsupported by substantial evidence. They ask us to set aside the verdict insofar as that answer is concerned.

In view of the disposition we are making of the appeal, the issues tendered by the cross-appeal are moot. It would add nothing to plaintiffs' rights or legal position to strike down the jury's answer and would have no effect on the outcome of this case.

We therefore express no opinion in respect to the cross-appeal.

The judgment of the district court is affirmed.

It is so ordered.

OMAN and MONTOYA, JJ., concur.