NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DONALD HAWKINS and MAUREEN HAWKINS, husband and wife,
*Plaintiffs/Appellees*,

*v.*

FLORENCE BLAIR, *Defendant/Appellant*.

No. 1 CA-CV 15-0227
FILED 5-5-2016

---

Appeal from the Superior Court in Yavapai County
No. P1300CV20090599
The Honorable David L. Mackey, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

---

COUNSEL

The Vakula Law Firm, PLC, Prescott
By Alex B. Vakula
*Counsel for Plaintiffs/Appellees*

Florence Blair, Prescott
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

---

**D O W N I E**, Judge:

¶1          Florence Blair appeals from judgments declaring an easement over her property and dismissing her counterclaim for adverse possession. For the following reasons, we affirm the dismissal of the counterclaim but vacate the judgment against Blair on the implied easement claims.

## FACTS AND PROCEDURAL HISTORY

¶2          Donald and Maureen Hawkins (collectively, "the Hawkins") and Blair own real property in Yavapai County.  The Hawkins sued Blair to quiet title to an easement for ingress, egress, and utilities over the north 25 feet of Blair's property (the "Disputed Easement").  Alternatively, the Hawkins sought either a private way of necessity or a prescriptive easement.  Blair denied the existence of a valid easement, but alleged in a counterclaim that "if the Disputed Easement is valid, Blair has gained adverse possession."

¶3          The Hawkins and Blair properties were previously part of a unified parcel owned by John Magee.  Ownership of that unified parcel was severed in 1980, when Magee sold part of the property known as the "Carlo mining claim" to Kenneth McIntyre.  The Hawkins property, which consists of two parcels, was part of the Carlo mining claim.[1]  Magee later sold the remaining property, known as the "Why Not mining claim," to Douglas McIntyre.  The Blair property was part of the Why Not mining claim.

¶4          In November 2012, the Hawkins moved for partial summary judgment on their claim for an implied easement based on common law theories of implied way of necessity and easement implied on severance. The superior court granted the Hawkins' motion and later granted summary judgment to the Hawkins on Blair's counterclaim as well.  Blair timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

---

[1]          Chain of title is undisputed.  **Hawkins parcel 1:** Kenneth McIntyre to Roger and Barbara Miller (October 1980); Miller to Hawkins (March 1999).  **Hawkins parcel 2:** Kenneth McIntyre to Susan Slavin (December 1980); under a trustee's deed, to Coppercrest Leveraged Mortgage Fund LLC ("CLM") (May 2008); CLM to Hawkins (June 2011).  **Blair parcel:** Douglas McIntyre to Terry and Shirley Novak (May 1981); Novak to Blair (June 1983).

**DISCUSSION**

¶5        As a threshold matter, the Hawkins ask that we not consider this appeal because Blair's opening brief fails to comply with the Arizona Rules of Civil Appellate Procedure.  Unless a brief is "totally deficient," however, we prefer to decide appeals on their merits, rather than on procedural grounds.  *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984).  Because the opening brief is not "totally deficient," we will address Blair's claims as we understand them.

¶6        We review a grant of summary judgment *de novo*.  *Chalpin v. Snyder*, 220 Ariz. 413, 418, ¶ 17 (App. 2008).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  "We view the facts and any inferences drawn from those facts in the light most favorable to the party against whom judgment was entered."  *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 199, ¶ 15 (App. 2007).

**I.        Easement by Implication**

**A.        Implied Way of Necessity**

¶7        The elements of an implied way of necessity are: (1) common ownership of the dominant and servient estate; (2) severance; (3) no outlet for the dominant estate at the time of severance; and (4) reasonable necessity for access when severance occurred.  *Coll. Book Ctrs., Inc. v. Carefree Foothills Homeowners' Ass'n*, 225 Ariz. 533, 541, ¶ 30 (App. 2010).  "[A] way of necessity can be implied only when the necessity existed at the time of the original severance of the estates."  *Bickel v. Hansen,* 169 Ariz. 371, 374 (App. 1991).

¶8        In pursuing their motion for partial summary judgment, the Hawkins did not establish that the dominant estate — the Carlo mining claim — was left without an outlet *at the time of severance*.  Indeed, evidence of record raises a factual question about whether the converse was true.  The Hawkins submitted the declaration of Roger Miller, who purchased part of the modern-day Hawkins property from Kenneth McIntyre in October 1980.  Miller stated he was able to access the property by way of a route he depicted in orange on a survey attached to his declaration.  Miller stated he began accessing the property by way of the Disputed Easement only after Blair blocked access to the "orange route" in 1986 — well after severance occurred.  And in opposing the Hawkins' motion, Blair raised a clear factual issue regarding access by various routes at the time of

severance. Under these circumstances, the superior court erred in granting summary judgment to the Hawkins on their implied way of necessity claim.

### B.    Easement Implied on Severance

**¶9**    The elements of an easement implied on severance are: (1) the existence of a single tract of land arranged so that one portion derives a benefit from the other, division by a single owner into two or more parcels, and separation of title; (2) long, continued, obvious or manifest use before separation occurs, to a degree that shows permanency; and (3) use that is essential to the beneficial enjoyment of the parcel to be benefitted. *Koestel v. Buena Vista Pub. Serv. Corp.*, 138 Ariz. 578, 580 (App. 1984). "[I]t is required that the use shall have been so long continued prior to the severance and so obvious as to show that it was meant to be permanent[.]" *Id*.

**¶10**    The record before the superior court did not establish "long, continued, obvious, or manifest use" of the Disputed Easement *prior to severance*. The Millers purchased part of the modern-day Hawkins property from Kenneth McIntyre, but Miller stated in his declaration that he negotiated the transaction, including access, with Magee. During those negotiations, Magee told Miller that Magee would "cut in a road" so that Miller would "have a way to get up there." According to Miller, Magee "cut and graded" the Disputed Easement "in about 1981" — *after* the 1980 severance.

**¶11**    Based on the record before it, the superior court erred in granting summary judgment to the Hawkins on a theory of easement implied on severance.

## II.    Adverse Possession[2]

**¶12**    To prove adverse possession of the Disputed Easement, Blair was required to show by clear and convincing evidence that her use was

---

[2]    The Hawkins argued below that there was no pending counterclaim because Blair failed to re-assert her counterclaim when answering their amended complaint. However, an answer to an amended complaint does not supersede a separate and distinct counterclaim. *Mohave Concrete & Materials, Inc. v. Scaramuzzo*, 154 Ariz. 28, 30 (App. 1987); *see also* 2 Daniel J. McAuliffe & Shirley J. McAuliffe, *Civil Trial Practice* § 13.19, n.5 (2d ed. 2001) ("The failure to replead a counterclaim in response to an amended

"actual, open and notorious, hostile, under a claim of right, continuous for [10 years], and exclusive." *See Sabino Town & Country Estates Ass'n v. Carr*, 186 Ariz. 146, 149 (App. 1996). Because the owner of a servient estate claiming adverse possession of an easement "has the right to possess and use the land so long as that use is not inconsistent with the easement," it must be shown "by clear, positive and unequivocal evidence that its use of the easement was inconsistent with and antagonistic to defendant's right." *Id.*

¶13 To the extent Blair contends she was denied due process because she did not realize oral argument on the motion for summary judgment would be heard at the time of the final pretrial conference, the record does not support her claim. By minute entry dated August 19, 2014, the trial court prescribed deadlines for dispositive motions and motions *in limine* and set a final pretrial conference for December 8, 2014. The court ordered that trial counsel and "any party representing themselves shall be present, and the Court will hear oral argument on pending dispositive motions and motions *in limine.*" Although Blair claims she did not understand what a "dispositive" motion was, "a party who conducts a case without an attorney is entitled to no more consideration from the court than a party represented by counsel, and is held to the same standards expected of a lawyer." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). Moreover, Blair was offered an adequate opportunity to be heard.

¶14 Turning to the merits, the Hawkins argued that Blair did not carry her burden of presenting clear and convincing evidence in support of her counterclaim; the trial court agreed.

¶15 The only evidence Blair proffered was her statement that, when she purchased her property in 1983, she rendered the Disputed Easement impassable by placing a chain across it. Not only is this legally insufficient, *see Sabino,* 186 Ariz. at 150, but Blair's statement is belied by other portions of the record. Miller stated that he used the Disputed Easement to access his property from 1986 through 1999. Further, Bob Foote, a housemate of Blair's for approximately 11 years beginning in the late 1980s, stated the Disputed Easement was unchained and traversable, and he saw several people using it, including the Millers and Hawkins. He stated that Blair put a "daisy chain" at the northeast entrance to the Disputed Easement in about 1999, but the Hawkins had a key to the lock on

complaint does not invalidate or waive a previously asserted counterclaim.").

one side of the chain. He stated that he graded the Disputed Easement for the Hawkins "on several occasions." Finally, Blair acknowledged that several persons accessed the Hawkins property by way of the Disputed Easement, including a large well drilling truck.

**¶16** Based on the evidence before it, the superior court properly granted summary judgment to the Hawkins on Blair's counterclaim.

## CONCLUSION

**¶17** We vacate the entry of summary judgment in favor of the Hawkins on their implied easement claims, as well as the corresponding fee award to the Hawkins. We affirm the entry of summary judgment for the Hawkins on Blair's counterclaim. The Hawkins request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 12-1103(B). Although they prevailed on the counterclaim, the merits of the quiet title action have not been determined. We therefore deny the fee request, but permit the superior court to award fees incurred on appeal, in its discretion, after it determines the successful party on remand. Because each side has partially prevailed on appeal, we make no award of taxable costs.



Ruth A. Willingham · Clerk of the Court
FILED: ama